## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 10-20135-CM** |
| SHERI ZUBER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On June 8, 2011, a jury returned verdicts of guilty against defendant Sheri Zuber for possession with the intent to distribute cocaine, "crack," and marijuana. In her pending motion (Doc. 46), defendant seeks a judgment of acquittal or, in the alternative, a new trial on all three charges.

### I.     Judgment Standards

In reviewing both a motion for new trial and a motion for judgment of acquittal, the court views the evidence in the light most favorable to the government. *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999). The court must grant a motion for judgment of acquittal when the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). However, the court must uphold the jury's guilty verdict if "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (quoting *United States v. Schlunegar*, 184 F.3d 1154, 1158 (10th Cir. 1999)). "The evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." *United States v. Wood*, 207 F.3d 1222, 1228 (10th

Cir. 2000) (internal quotations omitted).  The court considers both direct and circumstantial evidence, as well as reasonable inferences that can be drawn from that evidence.  *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993) (citation omitted).  An inference is "reasonable" only if "logical and probabilistic reasoning" can lead to the conclusion.  *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995) (citation omitted).  The court does not examine the evidence in "bits and pieces," but rather evaluates the sufficiency by "consider[ing] the collective inferences to be drawn from the evidence as a whole."  *United States v. Hooks*, 780 F.2d 1526, 1532 (10th Cir. 1986) (citation omitted).

A court may grant a new trial "if the interest of justice so requires."  Fed. R. Crim. P. 33. The court should grant a motion for a new trial if, "after weighing the evidence and the credibility of the witnesses, the court determines that 'the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred.'"  *United States v. Gabaldon*, 91 F.3d 91, 93–94 (10th Cir. 1996) (quoting *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994)).  But courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969), and exercise great caution in granting them, *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997).  The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court.  *United States v. Stevens*, 978 F.2d 565, 570 (10th Cir. 1992).  The burden of proving that a new trial is warranted rests on defendant.  *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (citations omitted).

## II.    Analysis

Defendant's motion raises three arguments: (1) that this court erred by admitting defendant's May 28, 2010 statement to a law enforcement officer following the traffic accident; (2) that this

court erred by admitting evidence of defendant's prior criminal conviction; and (3) the evidence presented was insufficient to support the jury verdicts.  For the following reasons, the court denies the motion.

First, without raising new arguments, defendant again raises the issue presented in her Motion to Suppress (Doc. 22) regarding the statement she made to Officer James when he arrested her.  For the reasons set forth in the court's prior ruling addressing defendant's arguments—on the record at the April 12, 2011 hearing (Docs. 29 & 30)—the court upholds its finding that defendant's statement is not hearsay under FRE 801(d)(2)(A) because it was offered against defendant and is defendant's own statement.

Second, defendant argues that (1) evidence of her prior conviction in the Western District of Missouri should not have been admitted because it was prejudicial and (2) the rebuttal testimony of United States Probation Officer David Gunter relating to that conviction was irrelevant and highly prejudicial.  As previously stated by the court during trial, defendant's prior conviction, conspiracy to commit identity theft, could be perceived to be a crime of moral turpitude.  As such, it was proper for the government to ask defendant about the conviction during its cross-examination of defendant. The court finds that the probative value of the evidence outweighed the potential prejudicial effect of the evidence.  Similarly, the rebuttal evidence of Officer Gunter was properly presented to the jury. As the court stated during trial, whether or not defendant was on supervised release because of the prior conviction, whether she did or did not report this arrest, and the timing of when this arrest was reported go to defendant's credibility.  Officer Gunter's testimony regarding these issues contradicted defendant's testimony and was directly relevant to defendant's credibility.

Third, defendant argues the evidence presented was insufficient to convict her of the three drug charges.  She points specifically to the testimony of Tom Arnold, arguing that he was not a

credible witness.  According to defendant, a rational fact finder could not have relied on his testimony because his "bias and motive were exposed" and because he had prior criminal convictions.

Defendant does not explain what "bias and motive were exposed."  Presumably, it is that police officers, including Officer James, are frequently involved in the accidents for which Mr. Arnold tows vehicles.  This, however, goes to the weight of his credibility, which is for the jury to determine.  As for his prior convictions, they too go to the weight of his credibility.  Defense counsel had an opportunity to cross-examine Mr. Arnold and argue his credibility to the jury.  Mr. Arnold's testimony was sufficiently credible and not diminished to the extent that no reasonable fact finder could believe his testimony.  The court finds that the evidence presented at trial was more than sufficient for a reasonable person to find defendant guilty of possession with intent to distribute cocaine, "crack," and marijuana.

Further, any potential prejudice created by these alleged errors was corrected by the jury instructions.  *See, e.g., United States v. Cardall*, 885 F.2d 656, 668 (10th Cir. 1989) ("The assumption that juries can and will follow the instructions they are given is fundamental to our system of justice.").  The court instructed the jury on determining the weight to be given witnesses with prior felony convictions.  (Doc. 42, Instruction No. 7.)  It also instructed the jury that the fact defendant had been convicted of a prior crime does not mean she committed the crimes charged in this case and that it could not be used as proof she committed these crimes.  (*Id.*, Instruction No. 8.) The government's burden of proof and the elements of each crime were also set out in the jury instructions.

Finally, even if error occurred here as defendant suggests, the court does not believe it casts doubt on the convictions.  The court is convinced that the jury's guilty verdicts were well-supported

by the weight of the evidence.  There was a significant quantity of evidence in the case, including

testimony from witnesses and law enforcement officers, to support the verdicts in this case.  The

interests of justice do not require that defendant be granted an acquittal or a new trial.  Defendant's

motion is denied.

**IT IS SO ORDERED**.

Dated this <u>31st</u> day of August 2011, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**