## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,   )
  )
      Plaintiff,   )
  ) Case Nos.    10-20135-CM (Criminal)
v.   )         13-2306-CM (Civil)
  )
SHERI ZUBER,   )
  )
      Defendant.   )
_____)

## MEMORANDUM AND ORDER

This matter is before the court on defendant Sheri Zuber's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 79) and Motion for

Leave of Court to Incorporate Amendment to Movant's Title 28 U.S.C. § 2255 Motion (Doc. 83).

### I. FACTUAL BACKGROUND

On October 7, 2010, a grand jury indicted defendant on three drug charges: possession with

intent to distribute fifty grams or more of "crack" cocaine; possession with intent to distribute cocaine;

and possession with intent to distribute marijuana. A public defender was initially appointed to

represent defendant. After a conflict arose, the court appointed Dionne Scherff. On June 8, 2011, a

jury found defendant guilty of all three charges. On September 20, 2011, the court sentenced

defendant to ninety-seven months of imprisonment.

Defendant appealed, and on June 20, 2012, the Tenth Circuit issued an unpublished opinion

affirming the verdict. (Doc. 78.) Defendant filed this motion pursuant to 28 U.S.C. § 2255,[1] arguing

---

[1] The court is mindful of defendant's pro se status and liberally construes her pleadings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("Finally, because Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

that her attorney provided ineffective assistance of counsel.  Specifically, defendant claims she had

ineffective assistance because her lawyer purportedly failed to:

(**Ground One**)

- Communicate with defendant and present a timely motion to dismiss for violations of the

  Speedy Trial Act ("STA");

(**Ground Two**)

- Present any exculpatory evidence at trial;

- Object to the government's failure to adhere to the legislative history of the law;

- Object to the government's failure to prove all the elements charged;

(**Ground Three**)

- Investigate mitigating evidence;

- Subpoena exculpatory evidence;

- Interview witnesses for trial;

- Make the court aware of a broken chain of custody;

(**Ground Four**)

- Timely convey a plea agreement of five years offered by the government; and

- File pretrial motions and responses.

The government opposes defendant's motion and submits the sworn affidavit of defendant's

trial counsel, Ms. Scherff.

## II. LEGAL STANDARDS

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984),

when determining whether a habeas petitioner's counsel provided ineffective assistance.  *See Romano

v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).  Under *Strickland*, a petitioner

bears the burden of satisfying a two-pronged test in order to prevail. First, she must show that her attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* But, despite the existence of two prongs, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

### III. ANALYSIS

#### A. Ground One

Defendant claims that her counsel "erred by failing to communicate with her client and present a timely motion to dismiss to the court for violations of the Speedy Trial Act." (Doc. 79 at 5.) The court is unclear whether defendant's claim regarding her attorney's lack of communication relates solely to the motion to dismiss or whether defendant generally alleges her attorney failed to communicate with her. Either way, the court rejects this argument.

Defense counsel's sworn affidavit sets forth the communications she had with defendant, which included over fifty written letters to defendant and twenty-one face-to-face meetings. (Doc. 87-1 at 2.) Defendant offers no facts to rebut defense counsel's sworn statements. Given the charges defendant

faced here, the court believes that defense counsel engaged in an appropriate level of communication with her client.

Regarding defense counsel's communications with defendant about presenting a motion to dismiss based on violations of the STA, the court notes that defense counsel in fact filed a timely motion to dismiss on this basis. (Doc. 35.) In her sworn affidavit, defense counsel states that she had numerous discussions with defendant about the STA issue and attempted to illustrate to defendant why a violation had not occurred. (Doc. 87-1 at 2.) Notwithstanding these conversations with defendant, and at defendant's insistence, defense counsel filed the motion to dismiss, which the court denied. Defendant offers nothing but the conclusory allegation that her counsel did not communicate with her, which defendant fails to support with any specific facts that would entitle her to relief. The court believes defense counsel's communications with defendant regarding the filing of a motion to dismiss were adequate.

Defendant also argues that her counsel rendered ineffective assistance by failing to timely move to dismiss the indictment for alleged STA violations.[2] As a general rule, a federal criminal trial must begin within seventy days from the date the defendant is charged or makes an initial appearance. 18 U.S.C. § 3161(c)(1). But there are certain times that are excluded from the calculation of the seventy-day period, one of which includes the time between the filing of pretrial motions and their disposition. *Id.* § 3161(h).

In this case, there were various pretrial motions filed, each of which tolled the STA clock. *See United States v. Tinklenberg*, 131 S. Ct. 2007, 2016 (2011) (holding that § 3161(h)(1)(d) stops the STA clock upon the filing of a pretrial motion, irrespective of whether the motion has any impact on the date the trial actually commences). In ruling on defendant's motion to dismiss, the court held that

---

[2] Again, because defense counsel actually filed a timely motion to dismiss on this basis, the court is puzzled by defendant's argument.

defendant's trial began within the time allowed under the STA, and defendant has failed to explain why the excludable time findings by this court were somehow erroneous. Ultimately, defendant's trial commenced within sixty-six non-excludable days of her initial appearance. Even had defense counsel presented the motion at a different time or in a different manner, defendant's STA rights were not violated, and defendant suffered no prejudice as a result of her counsel's purported ineffective assistance.

### B. Ground Two

Defendant contends that her counsel was deficient because she failed to present "any" exculpatory evidence at trial. (Doc. 79 at 6.) However, defendant does not identify what exculpatory evidence her counsel could have presented. The court notes that defendant herself took the stand and gave, to the extent possible, exculpatory testimony. Defense counsel presented a proper defense to the crimes charged and made appropriate legal and evidentiary objections during trial.

The court next considers defendant's claim that her attorney failed to object to the government's "failure to adhere to the legislative history of the law." (*Id.*) Because defendant provides no explanation or analysis of this contention, the court is unclear what objection(s) defendant believes her counsel should have raised. Defendant identifies neither the law to which she is referring, nor the relevant legislative history to which she claims the government failed to adhere. The court rejects defendant's argument that her counsel should have objected on this basis.

Defendant further claims that her counsel should have objected to the "[g]overnments [sic] failure to prove all the elements charged." (Doc. 79 at 6.) Defendant again provides no explanation of this claimed error. Defense counsel, however, made a motion at the close of the government's case pursuant to Federal Rule of Criminal Procedure 29. At that juncture, defense counsel argued that the government had failed to present a prima facie case and moved for defendant's acquittal. (Doc. 75 at

362:3-8.)  Then, after defendant rested, defense counsel renewed her Rule 29 motion for judgment of acquittal.  (Doc. 76 at 507:22-25.)  The court finds that defendant's attorney appropriately raised the issue of whether the government had proven the elements charged.  Moreover, the jury was properly instructed that the government had to prove each element beyond a reasonable doubt in order to reach a verdict of guilty.

The Tenth Circuit already held in this case that the evidence was sufficient to support the jury's verdict.  (Doc. 78 at 8.)  Thus, to the extent defendant attempts to argue the government did not prove the elements charged, the court declines to consider this issue.  *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." (citing *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978))).

### C.  Ground Three

Defendant contends that her counsel failed to investigate mitigating circumstances and interview witnesses.  Notably, at defense counsel's request (Doc. 18), the court approved the funding of a private investigator (Doc. 19).  According to defense counsel, the hired private investigator, a thirty-year retired veteran of the Federal Bureau of Investigation, investigated and interviewed potential witnesses and attempted to locate witnesses based upon information provided by defendant. (Doc. 87-1 at 3.)  The investigator not only met with defense counsel, but he also had separate meetings with defendant.  (*Id.*)  The investigator eventually ceased his investigation due to defendant's lack of candor and cooperation.  (*Id.*)  The court does not believe defendant's attorney was deficient in investigating the circumstances surrounding defendant's arrest.

Defendant also argues that her counsel failed to subpoena exculpatory evidence, namely, any dash camera videos from the patrol cars at the scene of the arrest.  However, as reflected in

correspondence between defense counsel and the government, defense counsel requested any video collected at the scene or police station. (Doc. 87-2 at 1-3.) A search by the government revealed no video, and the government maintains it is unaware of the existence of any dash camera video. (Doc. 87 at 13.) Accordingly, a subpoena for dash camera video would have been futile.

The court next considers defendant's claims that her counsel should have offered defendant's bank records into evidence and that she should have requested funding for a forensic accountant to show defendant's lack of financial culpability. Significantly, defendant was not charged with distributing controlled substances; rather, defendant was charged with possessing controlled substances that she *intended* to distribute. To that end, the government never asserted that defendant sold drugs and then deposited those funds into her bank account. As such, evidence of defendant's bank records would not have impacted the verdict, and the court is not persuaded that hiring a forensic accountant would have yielded any relevant, exculpatory evidence.

Defendant's final contention under her third ground is that defense counsel should have challenged the chain of custody pertaining to evidence admitted at trial. However, defendant fails to identify what evidence her counsel should have challenged on this basis. With regard to the drug evidence, the testimony offered by the two officers who conducted the seizure and the forensic chemist who tested the drugs suggests that the chain of custody remained intact. (Doc. 75 at 216, 244–56, 310–36.) Even if defendant could identify specific chain-of-custody issues, the court notes that such evidence likely would have been admissible anyway. *See United States v. Washington*, 11 F.3d 1510, 1514 (10th Cir. 1993) ("Flaws in the chain of custody go to the weight of the evidence, but will not preclude admissibility."). Defendant has failed to show her counsel was ineffective or that she suffered any prejudice.

### D.  Ground Four

Defendant contends that her counsel failed to timely convey a plea offer of five years. (Doc. 79 at 8.) But in her supporting papers, defendant states that her counsel *did* communicate the five-year plea offer but that, when she asked about the offer the following week, the offer had expired, which "forced her to trial without another plea offer." (Doc. 79-1 at 11.) Significantly, defendant does not allege that her counsel failed to communicate the plea offer before it expired or that she failed to inform defendant that the plea offer would expire in a week. As such, defendant has failed to allege any facts that would entitle her to relief, rendering improper an evidentiary hearing on this issue. *Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001); *see also Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir. 2010) (affirming denial of request for evidentiary hearing where issues resolvable solely on the basis of the existing record).

In fact, the evidence before the court suggests that defense counsel communicated the plea offer adequately and in a timely manner. Defense counsel has provided her handwritten notes from her meeting with defendant on May 17, 2011. (Doc. 87-1 at 17.) Those meeting notes reflect that the two discussed the government's plea offer and that defendant told her attorney the only deal she would take would involve defendant going home. (*Id.*) Two days later, defense counsel wrote defendant a letter, which references her discussions with defendant about the plea offer. (Doc. 87-1 at 18.) The letter details defendant's ultimate mandatory minimum exposure and the sentencing range for which defendant likely would qualify if she accepted the plea offer. (*Id.*) The court finds that defendant's counsel timely conveyed the plea offer to defendant and that she adequately explained the potential sentencing consequences.

Defendant finally argues that her counsel failed to file pretrial motions and responses. Notably, defendant does not identify a single motion her counsel should have filed. The record reflects

that defense counsel filed two substantive pretrial motions, which included a motion to suppress defendant's statement (Docs. 22, 25) and the previously-referenced motion to dismiss based on STA violations (Doc. 35).  Defendant has failed to convince the court that her counsel should have filed additional pretrial motions.

Regarding defendant's motion to suppress (Docs. 22, 25) and the government's response (Doc. 27), defendant states, "No response by counsel was entered to challenge the USA's [sic] response." (Doc. 79-1 at 12.)  While defendant correctly points out her counsel did not file a reply brief, the court does not view this decision as falling below an objective standard of reasonableness.  Moreover, defendant offers no argument that, but for her counsel's decision to not file a reply, the outcome would have been different.  The court finds that defense counsel's assistance in filing pretrial motions was effective.

### E.  Sentencing

After defendant filed her § 2255 motion, she filed a Motion for Leave of Court to Incorporate Amendment to Movant's Title 28 U.S.C. § 2255 Motion (Doc. 83).  Therein, defendant seeks leave to argue three additional errors related to her sentencing.

A motion brought pursuant to § 2255 is not intended as a substitute for an appeal.  *United States v. Cervini*, 379 F.3d 987, 990–91 (10th Cir. 2004) (citing *U. S. v. Frady*, 456 U.S. 152, 164–65 (1982)).  As such, "failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review."  *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).  There are, however, two well recognized exceptions to this procedural bar.   First, the court will consider defendant's defaulted claims if she can show both good cause for the default and actual prejudice.  *See Frady*, 456 U.S. at 167; *United States v. Pennington*, 219 F. App'x 805, 807 (10th Cir. 2007).  Second, the court may reach the merits of the

claimed constitutional deficiencies despite the procedural bar if defendant can establish that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Here, defendant raised on appeal only one sentencing issue, which related to the two-point enhancement the court applied for obstruction of justice. On defendant's direct appeal, the Tenth Circuit affirmed application of the enhancement. (Doc. 78 at 5.) Now, defendant seeks review of the court's application of this enhancement and makes two additional sentencing-related claims: that her criminal history was erroneously calculated and that she is entitled to be resentenced based upon a change in intervening Sixth Circuit law. While the court grants defendant leave to raise these arguments, the court denies the requested relief for the reasons set forth below.

### 1. Obstruction of Justice

At issue is whether the court wrongly applied a two-point enhancement for obstruction of justice. At trial, defendant chose to take the stand and testify in her own defense. While under oath, defendant made false statements about what she did, and did not do, with the black bag of drugs at issue. At sentencing, the court made an independent finding that defendant gave at least two false statements concerning a material matter and that these statements were not a result of confusion, mistake, or faulty memory. (Doc. 73 at 14-17.) Accordingly, the court found that defendant obstructed justice and applied the two-point enhancement.

Defendant claims that application of the enhancement violates *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne,* the Supreme Court held:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*Id.* at 2155 (citation omitted). Defendant argues that, pursuant to *Alleyne*, the facts underlying whether she obstructed justice should have been submitted to the jury and found beyond a reasonable doubt. However, *Alleyne* is inapplicable here because the enhancement for obstructing justice did not increase this defendant's mandatory minimum sentence. *See United States v. Villasenor-Chavez*, No. 12-10437, 2014 WL 807050, at *2 (9th Cir. Mar. 3, 2014) (holding that obstruction of justice enhancement based upon perjured trial testimony does not violate *Alleyne* because the enhancement did not increase the defendant's mandatory minimum penalty); *see also United States v. Calderon*, No. 12-3717, 2014 WL 1244782, at *3 (7th Cir. Mar. 27, 2014) (holding obstruction of justice enhancement affected only advisory sentencing range and did not, therefore, implicate *Alleyne*). Moreover, *Alleyne* has not been made retroactive to cases on collateral review. *United States v. Reyes-Soto*, No. 13-1475, 2014 WL 486264, at *1 (10th Cir. Feb. 7, 2014) (citing *In re Payne,* 733 F.3d 1027, 1029 (10th Cir. 2013)). Because defendant was not entitled to a jury determination on this issue, the court properly applied the two-level enhancement.

### 2. Criminal History

The court next addresses defendant's criminal history computation. As best the court can determine, defendant claims that the crimes that make up her criminal history score should not have been included because consideration of those crimes violated her Sixth Amendment right to be tried by a jury. (Doc. 83 at 2-3.) Defendant also claims that she was wrongly raised to the level of a career offender. (*Id.* at 2.)

Regarding defendant's prior criminal acts, defendant was assessed one point for driving while intoxicated and three points for conspiracy to commit identity theft.[3] Defendant's prior criminal acts resulted in formal adjudications, rendering them properly considered by the court in determining

---

[3] Defendant also was assessed two points for committing the instant offense while on probation for the identity theft.

defendant's sentence.  *United States v. Allen*, 488 F.3d 1244, 1256 (10th Cir. 2007).  Defendant's Sixth Amendment rights were not violated.

Moreover, defendant is mistaken that she was sentenced as a career offender.  Sentencing for career offenders falls under U.S. Sentencing Guidelines Manual § 4B1.1 and is applied only when a defendant has at least two prior felony convictions.  Here, defendant had not committed two prior felony offenses, so her six criminal points were assessed under U.S. Sentencing Guidelines Manual § 4A1.1, which placed her in a criminal history category of III.  Defendant was not sentenced as a career offender.

Defendant offers no reason why she did not raise this on appeal, and the court finds there has been no fundamental miscarriage of justice.  The court denies defendant's requested relief on this issue.

### 3.  *United States v. Blewett*

Defendant finally argues that she is entitled to be re-sentenced based upon the Sixth Circuit's opinion in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), *rev'd en banc*, No. 12-5226, 2013 WL 6231727 (6th Cir.), *cert. denied*, 2014 WL 859676 (U.S. Mar. 31, 2014) (No. 13-8947).  In *Blewett*, the Sixth Circuit held that the new, lower mandatory minimum penalties for crack offenses established in the Fair Sentencing Act should be applied retroactively.  *Id.* at 490.

Here, defendant argues that her rights of equal protection were violated when the court sentenced her under the old mandatory minimum for crack offenses.  (Doc. 83 at 4.)  But while defendant contends she was sentenced under the old mandatory minimums, she was not.  Instead, the court expressly sustained defendant's objection on this issue and sentenced defendant under the new mandatory minimums.  (Doc. 73 at 17-18.)  Even if the court had sentenced defendant under the old mandatory minimum penalty for crack possession, *Blewett* offers no relief because, since the parties

filed their papers, the Sixth Circuit sitting en banc reversed that decision, holding that the newer minimums are not retroactive.[4]  *United States v. Blewett*, No. 12-5226, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013), *cert. denied*, 2014 WL 859676 (U.S. Mar. 31, 2014) (No. 13-8947).  For all these reasons, defendant is not entitled to resentencing.

### F.  Evidentiary Hearing

The record before the court conclusively shows that defendant is not entitled to relief. Accordingly, no evidentiary hearing is required.  *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

### G.  Certification of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).  The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant's Motion for Leave of Court to Incorporate Amendment to Movant's Title 28 U.S.C. § 2255 Motion (Doc. 83) is granted.

---

[4] The court also notes it would not have been obligated to follow *Blewett* anyway given the opinion is from another circuit. *Kelner v. Harvin*, No. 10-3127-SAC, 2011 WL 1559457, at *1 (D. Kan. Apr. 25, 2011).

**IT IS FURTHER ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 79) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability.

Dated this 29th day of April 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**